COREY R. AMUNDSON
Chief, Public Integrity Section, U.S. Department of Justice
MARCO A. PALMIERI (D.C. Bar No. 981788)
Senior Litigation Counsel
Public Integrity Section, U.S. Department of Justice
REBECCA G. ROSS (N.Y. Bar No. 5590666)
Trial Attorney
Public Integrity Section, U.S. Department of Justice
MONA SEDKY (D.C. Bar. No. 447968; Cal. Bar No. 170147 (inactive))
Senior Trial Attorney
Computer Crime & IP Section, U.S. Department of Justice

     U.S. Department of Justice, Public Integrity Section
     1331 F Street NW
     Washington, DC 20005

     Telephone: (202) 285-4233 (Palmieri)
              (202) 573-2698 (Ross)
              (202) 262-7122 (Sedky)
     E-mail:   marco.palmieri@usdoj.gov
              rebecca.ross2@usdoj.gov
              mona.sedky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>IAN R. DIAZ,<br><br>     Defendant. | No. CR 8:21-cr-00084-JLS<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING: PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

    Plaintiff, United States of America, by and through its undersigned counsel of record, and defendant Ian R. Diaz ("defendant"), by and through his counsel of record, defense attorney Karen L. Goldstein(collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed

Protective Order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, and (4) information related to cooperating witness(es) who may testify at trial.

Introduction and Grounds for Protective Order

1.   Defendant is charged in this matter with violations of 18 U.S.C. §§ 371 (Conspiracy), 2261A (cyberstalking), and 1621 (Perjury). Defendant is released on bond pending trial.

2.   A Protective Order is necessary because the government intends to produce to the defense materials regarding cooperating witnesses who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may expose them to potential safety risks.

3.   A Protective Order is also necessary because the government intends to produce to the defense materials containing third parties' PII and medical information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties'

2

PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

6. The parties agree to the following definitions:

a. "CW Materials" includes any information relating to, but not limited to, a cooperating witness's prior history of

3

cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a cooperating witness, such as a name, image, photograph, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, email address, or telephone number.

b.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, email content, or personal identification number.

c.   "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

d.   "Confidential Information" refers to any document or information containing PII Materials or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.   "Highly Sensitive Information" refers to any document or information containing "CW Materials" that the government produces to the defense pursuant to this Protective Order and any copies thereof.

f.   "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and

(5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

7.    The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.    The government is authorized to provide defense counsel with Highly Sensitive Information marked with the following legend: "HIGHLY SENSITIVE INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any CW Materials contained in the production of Highly Sensitive Information.

c.    If defendant objects to a designation that material contains Confidential Information or Highly Sensitive Information,

the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

d.   Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

e.   Except for as permitted by the Court's Protective Order, the Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information or Highly Sensitive Information, including defendant, while outside the presence of the Defense Team.

f.   Notwithstanding any other term or condition of the parties' stipulation for a protective order or the Court's Protective Order, defense counsel shall be permitted to provide a copy of discovery designated as Confidential Information on an encrypted, password-protected hard drive to the represented defendant. No copies of any Confidential Information are to be made, transferred off the hard drive to any other device, or in any way printed, photographed, or reproduced by the defendant. Defense counsel shall instruct the defendant in writing of this requirement and obtain the defendant's agreement to these terms.

g.   After defendant has reviewed the entirety of the discovery on the hard drive, he will return it within 5 business days to a member of the Defense Team.

h.   Notwithstanding the above, defendant shall not be provided a copy of discovery designated as Highly Sensitive Information. Defendant may see and review Highly Sensitive

Information only in the presence of a member of the Defense Team, and a member of the Defense Team shall ensure that defendant is never left alone with any Highly Sensitive Information.  At the conclusion of any meeting with defendant at which defendant is permitted to view Highly Sensitive Information, defendant must return any Highly Sensitive Information to a member of the Defense Team, who shall take all such materials with him or her.  Defendant may not take any Highly Sensitive Information out of the room in which defendant is meeting with a member of the Defense Team.  At no time, under no circumstance, will any Highly Sensitive Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

i.   Defendant may see and review Confidential Information and Highly Sensitive Information as permitted by the Court's Protective Order, but defendant may not copy, keep, maintain, photograph, or otherwise possess any Confidential Information or Highly Sensitive Information in this case at any time, except for as permitted by the Court's Protective Order.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information or Highly Sensitive Information.

j.   The Defense Team may review Confidential Information or Highly Sensitive Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present whenever any Confidential Information or Highly Sensitive Information are being shown to a witness or potential witness. However, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a

witness or potential witness to retain Confidential Information or Highly Sensitive Information, or any notes generated from Confidential Information or Highly Sensitive Information.

k.   The Defense Team shall maintain Confidential Information and Highly Sensitive Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information or Highly Sensitive Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information or Highly Sensitive Information; and (3) not permitting Confidential Information or Highly Sensitive Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. Confidential Information or Highly Sensitive Information shall not be left unattended in any vehicle.

l.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information or Highly Sensitive Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information or Highly Sensitive Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

m.   The Defense Team shall use Confidential Information or Highly Sensitive Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes

any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information or Highly Sensitive Information with the Court or divulge the contents of Confidential Information or Highly Sensitive Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CW Materials, PII Materials, or Medical Materials and make all reasonable attempts to limit the divulging of CW Materials, PII Materials, or Medical Materials.

n.   The parties agree that any Confidential Information or Highly Sensitive Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.

o.   If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The parties agree that the Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

p.   If Highly Sensitive Information was inadvertently produced prior to entry of the Protective Order without being marked "HIGHLY SENSITIVE INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The parties agree that the Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

q.   The parties agree that if any Confidential Information contains both Highly Sensitive Information and Confidential Information, the information shall be handled in accordance with the Highly Sensitive Information provisions of the Protective Order.

r.   Confidential Information or Highly Sensitive Information shall not be used by any member of the Defense Team, in any way, in any other matter, absent an order by the Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Confidential Information or Highly Sensitive Information to the government or certify that such materials have been destroyed or are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

s.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information or Highly Sensitive Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order

must be returned to the government attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information and Highly Sensitive Information.

       t.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

       u.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

       v.   Accordingly, the parties have agreed to request that the Court enter a Protective Order in the form submitted herewith.

    IT IS SO STIPULATED.

    DATED: July 1, 2021

COREY R. AMUNDSON
Chief, Public Integrity Section,
U.S. Department of Justice

By: _____
Marco A. Palmieri
Senior Litigation Counsel
Rebecca G. Ross
Trial Attorney
Public Integrity Section, U.S.
Department of Justice
Mona Sedky
Senior Trial Attorney

Computer Crime & IP Section, U.S.
Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: July 1, 2021

*Karen L. Goldstein*

Karen L. Goldstein
Attorney for Defendant
Ian R. Diaz