LAW OFFICES OF KAREN L. GOLDSTEIN
Karen L. Goldstein (State Bar No. 229965)
1645 N. Vine Street, Suite 809
Los Angeles, CA 90028
Telephone: 888.445.6313
Facsimile: 323.467.7228
kgoldstein@klgcriminaldefense.com

Attorney for Defendant
IAN DIAZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IAN DIAZ,<br><br>Defendant. | CASE NO. 8 CR 21-00084-JLS<br><br>**DEFENDANT IAN DIAZ'S OBJECTIONS TO THE PRESENTENCE REPORT**<br><br>Sentencing Date: June 30, 2023<br>Time: 1:00pm<br>Courtroom: 8A<br><br>**Before the Honorable Judge Staton** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOSEPHINE L. STATION FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ASSISTANT UNITED STATES ATTORNEYS MARCO PALMIERI, REBECCA ROSS, MONICA SEDKEY:

    Defense counsel, Karen L. Goldstein, on behalf of Mr. Diaz, hereby submit Mr. Diaz's objections to the Presentence Report. The objections are based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any further information as may be presented at the sentencing hearing.

Dated: June 13, 2023                           */s/ Karen L. Goldstein*
                                                             Attorney for Ian Diaz

# TABLE OF CONTENTS

I. OBJECTIONS TO THE PRESENTENCE REPORT GUIDELINES CALCULATION ................................................................................................... 1

II. OBJECTIONS TO FACTUAL ASSERTIONS IN THE PRESENTENCE REPORT ............................................................................................................. 2

    A. The PSR Cited to Unreliable Evidence That Was Not Admitted at Trial and Which Should Not be Considered or Included ........................................ 2

    B. Objections to Specific Factual Assertions ............................................... 3

III. MR. DIAZ IS FINANCIALLY UNABLE TO PAY THE RECOMMENDED MONETARY SANCTION AS HE HAS SIGNIFICANT DEBT AND LIMITED INCOME ................................................................................................................ 5

IV. OBJECTION TO PROBATION SENTENCING RECOMMENDATION AND RELEVANT § 3553(A) FACTORS ............................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. OBJECTIONS TO THE PRESENTENCE REPORT GUIDELINES CALCULATION

In the Presentence Report ["PSR"], Probation calculated the base offense level as 18. Probation then applied a series of additional enhancements/upward adjustments resulting in a total offense level of 26 and an advisory range of 63 to 78 months.

(1) +2 under USSG § 2A6.2(b)(1) (E) (Pattern of Activity);

(2) +2 under USSG § 3B1.3 (Abuse of Position of Trust);

(3) +2 under § 3B1.1(c) (Aggravating Role); and

(4) +2 under § 3C1.1 (Obstructing or Impeding the Administration of Justice)

Counsel objects to the imposition of a +2 adjustment under USSG § 3C1.1 because the United States Sentencing Guidelines ["USSG"], Note 7 to § 3C1.1, entitled, "Inapplicability of Adjustment in Certain Circumstances" clarifies that this obstruction of justice adjustment is inapplicable, "if the defendant is convicted of an offense covered by 2J1.1 (Contempt), §2J1.2 (Obstruction of Justice), §2J1.3 (Perjury or Subornation of Perjury; Bribery of Witness)…except if a *significant further* obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself." USSG, Note 7, § 3C1.1. (emphasis added). Further, the note gives an example of a "significant further obstruction of justice" as "…if the defendant threatened a witness during the course of the prosecution for the obstruction offense." (emphasis added). *Id*.

In the instant case, Mr. Diaz was convicted of both perjury and obstruction of justice charges so the presumption is that this adjustment does not apply. Further, there was no "significant further obstruction" which occurred "during the investigation, prosecution, or sentencing of the obstruction offense." *Id*. And the PSR has cited to no persuasive examples of "significant further obstruction" because none took place. Mr. Diaz's deletion of existing email accounts, changing of his cell phone device and number, and alleged wiping of cell phone data, were all acts which formed the basis of the obstruction charges – these alleged actions of obstruction were part and parcel of the

charged offenses/convictions and not "significant further" acts of alleged obstruction. As such, applying this enhancement would be improper and result in punishing Mr. Diaz for the same conduct twice. Therefore, counsel respectfully objects to the imposition of the +2 obstruction of justice enhancement. Accordingly, the total offense level should be calculated at 24 with an advisory guidelines range of 51-63 months.

## II.  OBJECTIONS TO FACTUAL ASSERTIONS IN THE PRESENTENCE REPORT

Counsel objects to the following factual assertions contained in the PSR.

### A. The PSR Cited to Unreliable Evidence That Was Not Admitted at Trial and Which Should Not be Considered or Included

In the PSR, Probation cited extensively to unreliable, unproven statements which Ms. Connell made during her interviews with the Office of the Inspector General statements which were never admitted at trial. (PSR, p20 ¶69-77; p21 ¶79-81, p28 ¶132). Ms. Connell was not called as a witness. Ms. Connell's statements that are summarized in the PSR were not admitted through other avenues at trial. Further, Probation then used these same statements to justify increasing Mr. Diaz's sentence in several respects: (1) to support the application of +2 to the total offense level regarding Mr. Diaz's alleged role in the offense; and (2) to support an upward variance close to three times the advisory guidelines range. (Sentencing Recommendation, p1; 8).[1]

Counsel objects to the consideration and inclusion in the PSR of the following sections: 1) p20 ¶69-77; 2) p21 ¶79-81; and 3) p28 ¶132 which all contain Ms. Connell's statements or information where the only source would have been Ms. Connell's statements. Counsel further objects to the application of any upward adjustments, aggravating factors, or enhancements based on these unreliable statements which were not admitted at trial. *See United States v. Romero-Rendon*, 220 F. 3d 1159, 1162 (9th Cir. 2000) (holding that judges may rely on information in the PSR "so long as it has

---

[1] Probation found the advisory Guidelines range was 63-78 months but recommended a sentence of 180 months.

sufficient indicia of reliability" citing to *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1988).

In the instant case, Ms. Connell's words have no "sufficient indicia of reliability" and cannot be corroborated by other evidence. Ms. Connell has a lengthy history of perpetrating elaborate deceit schemes, including faking cervical cancer, and is not a reliable or credible source of information. As such, counsel objects to the inclusion of Ms. Connell's unreliable statements which were not admitted at trial as well as the application of any upward adjustments, aggravating factors[2], or enhancements based on these unreliable statements.

### B. Objections to Specific Factual Assertions

Counsel also objects to the below inaccurate factual assertions contained in the PSR.

**p43, Net Income**

Mr. Diaz's net income on a monthly basis as an Amazon employee varies. It is not $2,600 as reflected in the PSR. (PSR, p43). Mr. Diaz would have earned/would earn $2,600 if he worked a full 40 hours a week; however, he has missed significant time over the past few months due to obligations for this case, including trial, as well as for other personal reasons.[3] For example, for the month of April in 2023, Mr. Diaz's net income was only $381.66.

//
//
//
//

---

[2] For example, in its sentencing recommendation, Probation argued that one of the factors in aggravation was that Mr. Diaz "instructed and led Connell in committing the offense" which was not evidence adduced at trial and the only source of such a contention would be Ms. Connell's unreliable words in her past interviews with OIG. (Sentencing Recommendation, p5). Counsel again objects to Ms. Connell's words, which lack any indicia of reliability, from being used to enhance Mr. Diaz's sentence as a favor in aggravation.

[3] Counsel produced four additional Amazon pay stubs from April 2023 to Probation showing Mr. Diaz's income for this time period with this filing.

3

DEFENDANT IAN DIAZ'S OBJECTIONS TO THE PSR

LAW OFFICES OF KAREN L. GOLDSTEIN

**p45, ¶231**

Mr. Diaz's previously worked at Shipt Inc., a food groceries delivery service, where he acted as a delivery person.[4] He served as a 1099 employee.[5]

**p47, ¶242**

On average, Mr. Diaz receives between $1,500-2,000 from his mother per month to make ends meet. Counsel objects to Probation's speculative conclusion based on one isolated time period (from March 24, 2023 to April 21, 2023) that "in actuality, Diaz is receiving a monthly amount of $2,500 from his mother rather than between $1,500 and 2,000."

**p54, ¶268 a)**

The tuition for the private school for Mr. Diaz's son, amounting to approximately $1,170 per month, is paid for by his wife's brother, James Woolum Jr.

**p54, ¶268 d)**

The summer camp for Mr. Diaz's son costs $480/month *not $4,800/month* as written in the PSR. Mr. Diaz's father-in law, James Woolum, pays for this expense.

**p54, ¶268 f); ¶270**

Mr. Diaz's automobile lease is approximately $1,023.66 per month, not $2,188.42 as indicated in the PSR. However, he routinely pays this bill late and there are multiple added lates fees which have accrued. Currently, he owes $2,188.42, which includes some of these additional fees.[6]

//

//

//

---

[4] The PSR incorrectly reflects the name of this business as "Food and Grocery Delivery Drive" but that is actually the type of business it is. The PSR also referred to this as a "business ownership" which appears to be how Mr. Diaz's CPA characterized this employment even though he was a 1099 worker.

[5] Counsel submitted a 1099C for Shipt Inc to Probation with this filing.

[6] Mr. Diaz currently owes $8,182.24 on his automobile lease. Counsel produced an Audi lease statement to Probation from March 2023 showing the breakdown of costs owed by Mr. Diaz.

4

DEFENDANT IAN DIAZ'S OBJECTIONS TO THE PSR

### III. MR. DIAZ IS FINANCIALLY UNABLE TO PAY THE RECOMMENDED MONETARY SANCTION AS HE HAS SIGNIFICANT DEBT AND LIMITED INCOME

Mr. Diaz and his wife, Mrs. Woolum, are in significant debt. As clearly reflected in the Presentence Report ["PSR"], they are currently unable to pay monthly expenses and rely on assistance from family members to make ends meet. (PSR, p53 ¶267). Specifically, the unpaid balances for 18 different credit cards are listed in the PSR with outstanding balances range from $1,439.00 to $12,518.00 (PSR, Liabilities, p43-44; PSR p49-52 ¶245-262). Further, as noted in the PSR, Mr. Diaz's monthly cash flow is in the negative. (PSR, p54 ¶272).[7]

Mr. Diaz currently works for Amazon earning $19.50/hour.[8] (PSR, Monthly Income, p44). His income, in combination with his wife's income, is insufficient to cover their monthly expenses so Mr. Diaz's mother assists with monthly payments of $1,500-$2,000. (PSR, p53 ¶267). Despite dedicating multiple pages of the presentence report to Mr. Diaz's documented credit card debt, and inability to meet monthly expenses, Probation has nevertheless recommended a monetary sanction of $25,000 to be paid immediately.

The only individuals who would be punished by the imposition of a monetary sanction, particularly such a hefty fine of $25,000, would be Mr. Diaz's wife, his 5-year old son, Tristan, and his mother-in-law. As evidenced by the totality of Mr. Diaz's finances, Mr. Diaz, himself, is not in a position to pay such a fine. Therefore, it would be

---

[7] Probation noted that the specific amount by which Mr. Diaz has a negative cash flow may be calculated in different ways and noted that supplemental expenses such as schooling for their son, alarm services, summer camp, car leases, and religious contributions should not be considered as necessary expenses. Probation also offered an alternative calculation where Mr. Diaz has a positive cash flow which seems contrary to Mr. Diaz's actual expenses incurred each month.

[8] As noted above, Mr. Diaz's monthly income varies depending on actual hours worked and is not consistently a 40-hour work week.

his family, such as his mother and/or in-laws, who would actually be saddled with the payment of any imposed fine.

Further, counsel objects to the Probation's assessment that Ms. Woolum's checking and savings accounts [9], as well as the net worth of the family home signify that Mr. Diaz's net worth enables him to pay a significant fine. (PSR, p54 ¶273). The residence is not a liquid asset. Mrs. Woolum, Mr. Diaz, and their son Tristan, reside in this house. Ms. Woolum, and Tristan, need a place to live, and will continue to need a place to live irrespective of whether Mr. Diaz serves a custodial sentence in this case. As such, counsel respectfully requests that the Court not impose a monetary sanction.

### IV. OBJECTION TO PROBATION SENTENCING RECOMMENDATION AND RELEVANT § 3553(A) FACTORS

Counsel also objects to the Probation's recommendation of 180 months, which is essentially triple the advisory guidelines range. However, counsel will make a full record regarding the applicable § 3553(a) factors, and the appropriate sentence, in her sentencing position which will be filed separately.

Dated: June 13, 2023  /s/ *Karen L. Goldstein*
Attorney for Ian Diaz

---

[9] Notably, Ms. Woolum's checking account is in her own name, with an address tied to her, and in trust in the name of James Woolum. Mr. Diaz does not have access to this account or use this account. He does not have access to the trust held in her father's name. Without litigating the details of community property law, the entirety of the limited funds in Mrs. Woolum's individual accounts would not be available to Mr. Diaz. On a practical note, Mrs. Woolum's combined individual accounts, as of her April 2023 statement provided to Probation, reflect that she has $2,640.43 in savings and $12,626.34 in checking. This amount of $15,086.77 is insufficient to support herself and her son for the foreseeable future with expenses totaling $10,612.55 on a monthly basis even if half of this amount were liquidated to be applied towards a monetary sanction (PSR, p45, Total Monthly Expenses).

# PROOF OF SERVICE

I, Karen Goldstein, declare at the time of service I was at least 18 years of age and not a party to the legal action. My business address is: 1645 N. Vine Street, Suite 809, Los Angeles, CA 90028. My telephone number is 888.445.6313. I am employed in the office as a member of the bar of this Court at whose direction this service was made.

On June 13, 2023, I served the foregoing document described as **DEFENDANT IAN DIAZ'S OBJECTIONS TO THE PRESENTENCE REPORT** on all interested parties in this action as follows:

<u>X</u>　　　　　BY EMAIL

USPO Jenifer Stanley
Email: Jennifer_Stanley@cacp.uscourts.gov


I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of June 2023 in Los Angeles, California.

　　　　　　　　　　　　　　　　　　　/s/ *Karen L. Goldstein*
　　　　　　　　　　　　　　　　　　　KAREN L. GOLDSTEIN, ESQ.
　　　　　　　　　　　　　　　　　　　Attorney for Ian Diaz